## Chain Stores v. Sclavos & An.

*Practice—Rule of court—Rule on non-resident plaintiff for security for costs.*

Common Pleas Rule 13, § 1, of Northumberland County, providing that in cases where the plaintiff resides out of the State the defendant, on motion and affidavit of a just defence, shall have a rule for security for costs, and for want of security judgment of non-suit will be entered. contemplates a rule for security and not a rule to show cause why security should not be entered. Where a non-suit was entered upon failure of plaintiff to answer the latter rule, the non-suit was stricken off without denying to the defendant the right to a rule for security for costs, upon proper motion and affidavit, as prescribde by the rule of court.

Rule to show cause why the court should not strike off non-suit entered on rule on the plaintiff, a non-resident corporation, to show cause why it should not enter security for costs. C. P. Northumberland Co., May T., 1925, No. 594.

*J. W. Bassler,* for plaintiff; *Knight & Taggart,* for defendants.

LLOYD, J., Nov. 23, 1925.—The defendant obtained a rule on the plaintiff, a non-resident corporation, to show cause why it should not enter security for costs. No answer to the rule having been made and no security having been entered, this court, upon motion of counsel for defendants, entered a judgment of non-suit. The plaintiff then secured a rule on defendants to show cause why the non-suit should not be stricken off. The case is now before us on this latter rule.

Section 1 of Rule 13 of the Rules of this Court provides that: "In cases where the plaintiff resides out of the State at the time of suit brought, . . . the defendant, on motion and affidavit of a just defence against the whole demand, shall have a rule for security for costs, and for want of security, at a time named by the court, judgment of non-suit will be entered on motion."

This section contemplates a rule for security and not a rule to show cause why security should not be entered. In the present case the defendants sought and obtained a rule to show cause. The determination of that rule in favor of the defendants merely established their right to such security—an unnecessary step in the proceedings, for the reason that the above quoted section of Rule 13 had already established that right. The rule of the defendants may, therefore, be treated as mere surplusage.

Upon the allowance and filing of the pleadings indicated by said section, a rule for security immediately issues, and upon failure of the plaintiff to comply with the demands thereof, a judgment of non-suit may be entered,

but until such a rule issues the plaintiff cannot be said to be in default. We are, therefore, of the opinion that a judgment of non-suit in the present case was prematurely entered.

This conclusion and the decree hereinafter entered is not to be understood as denying to the defendant the right to a rule for security for costs upon a proper motion and affidavit, such as prescribed in said Rule 13.

And now, Nov. 23, 1925, the plaintiff's rule to show cause why a judgment of non-suit entered in this case should not be stricken off is made absolute, and the said judgment of non-suit heretofore entered is hereby ordered to be stricken off.

An exception is noted and bill sealed for the defendant.

From C. K. Morganroth, Shamokin, Pa.